IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOUGLAS L. TROUT, SR.,** and **VICKI L. TROUT,** : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **THE MILTON S. HERSHEY MEDICAL CENTER, REZA MIRALIAKBARI, M.D., TIMOTHY SHANE JOHNSON, M.D.,** and **DOUGLAS JUSTIN McGUIRK, M.D.** : <br> : <br> **Defendants** : | **CIVIL ACTION NO. 1:07-CV-0431** <br><br> **(Judge Conner)** |

## ORDER

AND NOW, this 22st day of May 2008, upon consideration of the report of the magistrate judge (Doc. 53), to which no objections were filed, recommending that the motion for summary judgment (Doc. 53) of defendant doctor Timothy Johnson ("Johnson") be granted, and, following an independent review of the record, it appearing a prima facie case of medical malpractice requires the plaintiff to produce an expert opinion if the defendant's alleged negligence is not self-evident, Quinby v. Plumsteadville Family Practice, 907 A.2d 1061, 1070-71 (Pa. 2006) ("With all but the most self-evident medical malpractice actions there is also the added requirement that the plaintiff must provide a medical expert who will testify as to the elements of duty, breach and causation."), that the instant case of medical malpractice is not self-evident because a reasonable lay person would not easily understand the complexity involved in performing the surgical procedure at issue

and in providing post-operative care, <u>Jones v. Harrisburg Polyclinic Hosp.</u>, 437 A.2d 1134, 1137(Pa. 1981) ("[M]edical negligence should not be presumed or inferred from the mere happening of an accident or an unfortunate result."), and that plaintiffs produced no expert report addressing defendant Johnson's role in the procedure and post-operative treatment of plaintiff Douglas L. Trout, and the court concluding that plaintiffs have therefore failed to proffer evidence that Johnson's actions resulted in the alleged injuries, it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 53) is ADOPTED.

2. Defendant Johnson's motion for summary judgment (Doc. 46) is GRANTED.

3. The Clerk of Court is directed to defer entry of judgment until the conclusion of this case.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge