IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOUGLAS L. TROUT, SR.** and **VICKIE L. TROUT**, : | **CIVIL ACTION NO. 1:07-CV-0431** |
| : | |
| : | **(Judge Conner)** |
| Plaintiffs : | |
| : | |
| v. : | |
| : | |
| **THE MILTON S. HERSHEY MEDICAL CENTER** and **REZA MIRALIAKBARI**, **M.D.**, : | |
| : | |
| Defendants : | |

## ORDER

AND NOW, this 26th day of August, 2008, upon consideration of defendants' motion in limine (Doc. 61), which seeks to exclude evidence that defendants negligently obtained plaintiff Douglas Trout's ("Trout") informed consent for the surgical procedure they performed upon him, that Dr. David Goodspeed ("Dr. Goodspeed") was delinquent in his dictation of medical records, and that defendant Dr. Reza Miraliakbari ("Dr. Miraliakbari") improperly altered medical records of Trout's surgery, and which further seeks to preclude testimony from plaintiffs' expert Dr. Bruce Hirschfeld ("Dr. Hirschfeld") as cumulative, and from Trout's sister, Peggy Costas ("Costas"), regarding the necessity of consultation with a vascular surgeon as impermissible lay testimony, and counsel having represented that a factual dispute exists regarding whether Dr. Miraliakbari accurately responded to Trout's inquires regarding the number of times that he had executed the procedure to be performed upon Trout, and it appearing that a genuine dispute

exists regarding whether Trout understood the risk that the flap might fail, (compare, e.g., Doc. 68, Exs. 1, 2, with Doc. 62, Ex. A at 2), that "a physician may be held liable for failure to seek a patient's informed consent if the physician knowingly misrepresents to the patient his or her professional credentials, training, or experience," 40 PA. STAT. ANN. § 1303.504(d)(2), and that physicians may also be held liable for failure to obtain informed consent if they do not apprise their patients of the "material information necessary to determine whether to proceed with [a] surgical or operative procedure," Pollock v. Feinstein, 917 A.2d 875, 878 (Pa. Super. Ct. 2007); see also Montgomery v. Bazaz-Sehgal, 742 A.2d 1125, (Pa. Super. Ct. 1999), and it further appearing that Dr. Goodspeed may testify about the extent to which he reviewed Trout's medical records, (see Doc. 68, Ex. 6), and that dictation of medical records is therefore a proper subject of cross-examination, see Mickel v. Wilson, No. Civ. A. 05-5980, 2006 WL 2950484, at *7 (E.D. Pa. Oct. 16, 2006) (stating that the scope of cross-examination falls within the trial court's discretion), and the court concluding that Dr. Miraliakbari's alteration of the medical records occurred during the course of Trout's treatment and is likewise a proper subject for examination, cf. Burton-Lister v. Siegel, Sivitz & Libed Assocs., 798 A.2d 231, 240 (Pa. Super. Ct. 2002 (sustaining trial court's admission of altered medical records from another matter for purpose impeaching defendant), and the court further concluding that plaintiffs are entitled to present expert testimony from Dr. Hirschfeld, who possesses a specialty in vascular surgery distinct from that of plaintiff's other experts, provided that such testimony does not unnecessarily

duplicate other expert testimony, see FED. R. EVID. 403; see also Sanchez v. Echo, Inc., No. , 2008 WL 2951339, at *2 (E.D. Pa. Jan. 9, 2008) (denying motion in limine to exclude potentially cumulative testimony but stating that the court would not permit such testimony at trial), and the court finding that Costas possesses no specialized knowledge in the medical treatment, (see Doc. 62, Ex. I at 148-49), and therefore cannot testify regarding the necessity of consultation a vascular surgeon about Trout's treatment, see FED. R. EVID. 701 (stating that a lay witness may not testify about matters requiring "specialized knowledge" not possessed by the law witness), it is hereby ORDERED that the motion in limine (Doc. 61) is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED with respect to any testimony by Costas regarding whether defendants should have consulted with a vascular surgeon about Trout's course of treatment.

2. The motion is DENIED in all other respects without prejudice to defendants right to object to cumulative testimony or to tesimony that defendants believe is improperly offered based upon the evidence presented at trial.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge