# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOUGLAS L. TROUT, SR.** and **VICKIE L. TROUT,** : | CIVIL ACTION NO. 1:07-CV-0431 |
| : | |
| : | (Judge Conner) |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **THE MILTON S. HERSHEY MEDICAL CENTER** and **REZA MIRALIAKBARI**, M.D., : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 26th day of August, 2008, upon consideration of plaintiffs' Motion in Limine No. 2 (Doc. 59) requesting that the court instruct the jury that it may draw an adverse inference from defendant Dr. Reza Miraliakbari's alteration of the medical records of plaintiff Douglas Trout's surgery in an manner other than that prescribed by Pennsylvania law, and it appearing that the court possesses discretion to provide the jury with such an instruction based upon the evidence presented at trial, see 40 PA. STAT. ANN. § 1303.511(c) (stating that "the court in its discretion may instruct the jury to consider whether . . . intentional alteration [of medical records in an unauthorized manner] . . . constitutes an adverse inference"), it is hereby ORDERED that:

1. Plaintiffs' Motion in Limine No. 2 (Doc. 59) is DENIED without prejudice to plaintiffs' right to renew the request at the close of evidence. Plaintiffs' counsel may renew the request for an adverse inference instruction during the charge conference immediately preceding closing instructions to the jury. In the absence of renewal, plaintiffs will be deemed not to request such an instruction.

2. During trial (including opening statements and closing arguments), plaintiffs' counsel shall not refer within hearing of the jury to the possibility that the court may provide an adverse inference instruction. This paragraph shall not prevent counsel from arguing that the jury should draw such an inference of its own accord.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge