**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOUGLAS L. TROUT, SR.** and | : | **CIVIL ACTION NO. 1:07-CV-0431** |
| **VICKIE L. TROUT**, | : | |
| | : | **(Judge Conner)** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THE MILTON S. HERSHEY** | : | |
| **MEDICAL CENTER**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

**<u>ORDER</u>**

AND NOW, this 10th day of September, 2008, upon consideration of

defendants' motion (Doc. 88) for reconsideration of the court's memorandum and

order (Doc. 84) dated August 27, 2008, which granted plaintiff's motion in limine to

exclude evidence of the insurance claim file and the amount of plaintiffs' settlement

with the automobile tortfeasor,  and the court finding that there are no manifest

errors of law or fact in the challenged order,[1] see <u>Harsco Corp. v. Zlotniki</u>, 779 F.2d

---

[1]Defendants seek reconsideration on the grounds that plaintiff have already
received compensation for the claims against defendants by virtue of the settlement
of the automobile negligence claims.  The court's memorandum and order dated
August 27, 2008 addressed this precise issue:

> The Trouts' agreement manifests a clear intent that sums received
> under it apply exclusively to the harm plaintiffs sustained as a result of
> the automobile tortfeasor's negligence.   Excluding the agreement and
> claim documents therefore presents no threat of double recovery
> because plaintiffs have not yet received compensation for harm
> proximately caused by defendants' alleged negligence.
>     Both the settlement contract and the amount paid to the Trouts
> are therefore irrelevant to the claims against defendants.  The amount
> for which they settled the claims with the automobile tortfeasor has no

906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct

manifest errors of law or fact or to present newly discovered evidence . . . ."), it is

hereby ORDERED that the motion for reconsideration (Doc. 88) is DENIED.


        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

bearing on the value that the jury assigns to the claims against the
defendants.  Accordingly, plaintiff's Motion in Limine No. 1 will be
granted to the extent that it seeks to exclude evidence of the
settlement agreement and the amount thereof.

(Doc. 84 at 13-14.)  The court further concluded that defendants' concern regarding
double recovery is adequately addressed by "instruct[ing] the jury that the claims
against the automobile tortfeasor have been resolved and that it must evaluate only
the liability and damages that proximately resulted from defendants' actions."  (Id.
at 11-12.)  Defendants have failed to cite any legal precedent warranting
reconsideration of these conclusions.  Defendants' motion is therefore properly
denied.